**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|                              |                                |
|------------------------------|--------------------------------|
| UNITED STATES OF AMERICA,    )  |                                |
|         Plaintiff,           )  |                                |
|                              )  | No.  CR 09-1786-TUC-CKJ (DTF)  |
| vs.                          )  |                                |
|                              )  |                                |
| MARTHALENE GONZALES,         )  | **ORDER**                      |
|                              )  |                                |
|         Defendant.           )  |                                |

Pending before the Court is Defendant's Notice of Appeal from Magistrate Judge's Ruling/Objections to Magistrate Judge's Ruling [Doc. # 28] and Defendant's Supplemental Objections to Magistrate Judge's Order Regarding Disclosure [Doc. # 39].

Defendant objects to the magistrate judge's resolution of a non-dispositive issue. The relevant rule provides:

> **Nondispositive Matters.** A district judge may refer to a magistrate judge for determination any matter that does not dispose of the case. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file any objections to the order within 14 days after being served with a copy of a written order or after the oral order is made on the record, or at some other time the court sets. The district judge must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. Failure to object in accordance with this rule waives a party's right to review.

Fed.R.Crim.P. 59(a).  In other words, this Court reviews the magistrate judge's decision under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). In fact "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (discussing

Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A)). The Ninth Circuit Court of Appeals has more fully explained this Court's role in reviewing such a decision:

> As to nondispositive matters, the Magistrates Act provides only that the district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate's order is *clearly erroneous* or *contrary to law.*" [Citations omitted.] There is no formal procedure specified for a review of a nondispositive order by the district court. The Magistrates Act thus treats them differently [than dispositive issues]. Further, the Magistrates Act's specification that nondispositive matters are to be reviewed by the district court under a far more deferential standard – "clearly erroneous" and "contrary to law" – than dispositive matters indicates that decisions by the magistrate judge on nondispositive matters are essentially "final decisions of the district court which may be appealed in due course with other issues." *United States v. Brown*, 79 F.3d 1499, 1504 (7th Cir. 1996) (stating but then rejecting this proposition without further discussion); *see also [Thomas v. Arn*, 474 U.S. 140, 151 n. 10, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)] (indicating that Congress "clearly intended [a magistrate judge's ruling on a nondispositive motion] to be final unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination." (internal quotations omitted)).

*United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001).

*Magistrate Judge's Order of Disclosure*

The magistrate judge ordered that "reports that provide any evidence of [Defendant's] level of consciousness and level of intoxication including medical notes, medical reports, toxicology reports, blood screens and statements of [Defendant] made during the process of diagnosis that bear on her level for October 18, 2004" be provided to him for an *in camera* review. This Court must review the magistrate judge's order to determine whether granting the disclosure was clearly erroneous or contrary to law.

*Health Insurance Portability and Accountability Act*

Defendant argues that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") does not provide for the government to have multiple bites at the apple. Defendant asserts that the government obtained specimens for testing purposes at the time Defendant was treated on October 18, 2004, and that there is no requirement for a supplemental release of records. The government asserts that 45 C.F.R. § 164.512(f) permits a covered entity to disclose protected health information for a law enforcement purpose to

a law enforcement official if certain conditions are met. The relevant subdivision provides that a covered entity may make the disclosure in compliance with and as limited by a "court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer[.]" 45 C.F.R § 164.512(f)(1)(ii).

Defendant further asserts that there is no HIPAA provision that allows for a supplemental release of records. However, there is no HIPAA provision that prohibits a supplemental release of records. Rather, HIPAA permits the disclosure if a court order provides for it. In other words, HIPAA does not prohibit the disclosure but leaves to the discretion of a court whether the disclosure is permitted.

*Physician - Patient Privilege*

Although Defendant acknowledges that Fed.R.Evid. 501 does not include a physician-patient privilege, Defendant argues that the rule allows for the possibility of privileges beyond those specifically set forth in the rule. *See e.g., Jaffe v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) (policy decisions of the states bear on the whether federal courts should recognize new privileges). Defendant points out that Arizona recognizes that communications between physicians and patients are privileged. A.R.S. §§ 12-2235 and 12-2292; *see also Schoeneweis v. Hamner*, 221 P.3d 48 (Ariz.App. 2009).

The government asserts, however, that health care providers and other entities covered by HIPPA may disclose protected health information without patient consent in judicial proceedings. *Bayne v. Provost*, 359 F.Supp.2d 234, 259 (N.D.N.Y. 2005). The government asserts that HIPPA is purely procedural in nature and does not create federal physician-patient or hospital-patient privilege. Social Security Act, § 1173, as amended, 42 U.S.C.A. § 1320d-2; 45 C.F.R. §§ 160.203(b), 164.512(e)(1), 164.514(a); *see also Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004) (by virtue of an express provision in Fed.R.Evid. 501, the stringent Illinois medical records privilege applies to suits in federal court (mainly diversity suits) in which state law supplies the rule of decision; however, the Illinois privilege does not govern in federal-question suits – the

enforcement of federal law might be limited if state-law privileges are applicable to all federal cases).

The government asserts that there is no physician-patient privilege extended to medical or hospital records because, in the absence of any statute generally providing for such a privilege, no privilege exists which could be applied. *See e.g., Benally v. United States*, 216 F.R.D. 478 (D.Ariz. 2003) (federal rules of evidence require federal courts to apply state law of privilege to discovery issues when state law provides rule of decision in case as whole).

The Seventh Circuit has stated:

> [Defendant] cannot establish that the medical records were subject to any privilege of confidentiality. Federal common law has not historically recognized a privilege between patients and physicians. *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir.2004) ("[T]he evidentiary privileges that are applicable to federal-question suits are given not by state law but by federal law, Fed.R.Evid. 501, which does not recognize a physician-patient (or hospital-patient) privilege."); *see also Whalen v. Roe*, 429 U.S. 589, 602 n. 28, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) ("The physician-patient evidentiary privilege is unknown to the common law."). [Defendant] acknowledges this shortcoming in his argument, but contends that we should find such a privilege here. He relies on *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), in which the Supreme Court recognized a privilege between a psychotherapist and a patient and noted that under Rule 501 of the Federal Rules of Evidence, federal courts may define new privileges. *Id*. at 8, 10, 116 S.Ct. 1923. But we can find no circuit authority in support of a physician-patient privilege, even after Jaffee. Indeed, in a decision issued after Jaffee, we declined to recognize such a privilege, *see Northwestern Mem'l Hosp.*, 362 F.3d at 926, and we can find no reason to create one now.

*United States v. Bek*, 493 F.3d 790, 801-02 (7th Cir. 2007); *see also In re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986) (rejecting defendant's claim that Fed.R.Evid. 501 authorizes court to develop physician-patient privilege; state privilege did not apply in criminal cases). Indeed, numerous federal courts have determined that there is no physician-patient privilege in federal proceedings. See e.g., *United States v. Moore*, 970 F.2d 48, (5th Cir. 1992) (no federal doctor-patient privilege); *Hancock v. Dodson*, 958 F.2d 1367, (6th Cir. 1992) (no federal physician-patient privilege); *Northwestern Memorial Hosp.*, 362 F.3d at 926 (HIPAA procedure for obtaining authority to use medical records in litigation is procedural and does not create federal physician-patient or hospital-patient privilege); *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cir. 1995) (federal privilege

law controls in ERISA suit and does not recognize physician-patient privilege); *United States v. Bercier*, 848 F.2d 917, 920 (8th Cir. 1988) (no physician-patient privilege in federal criminal proceedings); *United States v. Lindstrom*, 698 F.2d 1154, 1167 n 9 (11th Cir. 1983) (no physician-patient privilege at common law, and no statute, so testimony on doctor-patient relationship is admissible).

The Court finds the ruling of the magistrate judge was not clearly erroneous of contrary to law.

*Fourth Amendment*

Defendant asserts that the intrusion into Defendant's private medical records five years after an alleged offense, and where the government received the necessary information at the time of the offense, constitutes an unreasonable search and seizure. The government asserts that, because the magistrate judge has the authority to order disclosure of medical records, the Order does not involve the Fourth Amendment or any search and seizure by the government. *Armstrong v. Commonwealth of Ky*, 205 S.W.3d 230 (Ky.App. 2006)

While an analysis of a reasonable expectation of privacy and a probable cause determination may not be appropriate, the issuance of a subpoena does require reasonableness. *See United States v. Palmer*, 536 F.2d 1278, 1282 (9th Cir. 1976) (standard for subpoena is reasonableness); *see also Doe v. United States*, 253 F.3d 263-64 (6th Cir. 2001) (while Fourth Amendment requires probable cause for issuance of search warrant, subpoenas are analyzed under a general reasonableness standard).

As the government has pointed out, a "subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed.R.Crim.P. 17(c). Further, to obtain production prior to trial under the rule, the moving party must show (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance

of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

Defendant disputes the government's assertion that blood and urine samples previously obtained by the government are unavailable and insufficient. Defendant points out that the AUSA has informed her that portions of the government's blood and urine samples are available for retesting. In other words, the government has not shown that the government needs the test results from Kino Hospital. The government asserts, however, that while the samples are available for testing, because of the passage of time, the samples are no longer viable to provide accurate, reliable toxicology results.

Further, the government asserts that it is anticipated that the records will include a blood based drug screen. The government asserts that these records are relevant to the instant charges and would be admissible at trial as medical records. The government asserts that it cannot obtain these documents using a grand jury or an administrative subpoena and, if the documents are produced in advance of trial, objections as to their admissibility can be dealt with prior to trial. Furthermore, the government asserts that production of the documents in advance of trial would prevent delays at trial.

The government has shown that the records are evidentiary and relevant. Not only will the records potentially provide corroborating evidence (test results), but the records may provide additional evidence regarding Defendant's level of consciousness and intoxication and statements made by Defendant. That the government has already tested the urine does not alter the fact that the records are evidentiary and relevant.

Moreover, the government has shown that the records are not otherwise procurable reasonably in advance of trial by exercise of due diligence, that the records are needed to properly prepare for trial and avoid unreasonable delays, and that the request is made in good faith and is not intended as a general fishing expedition. The Court finds the subpoenaing

of the records by the government to be reasonable and, therefore, in compliance with the Fourth Amendment.

In light of the Court's findings herein, the Court finds the magistrate judge's order for an *in camera* review was not clearly erroneous or contrary to law. Defendant's objections are overruled and the Court will deny Defendant's requested relief.

Accordingly, IT IS ORDERED Defendant's Objections to Magistrate Judge's Ruling [Doc. # 28] and Defendant's Supplemental Objections to Magistrate Judge's Order Regarding Disclosure [Doc. # 39] are DENIED.

IT IS FURTHER ORDERED this matter is referred back to the magistrate judge for the completion of the *in camera* review.

DATED this 2nd day of February, 2010.

_____
Cindy K. Jorgenson
United States District Judge